## SAN ANTONIO TRACTION CO. v. HAUSKINS et al.

(Court of Civil Appeals of Texas. San Antonio. May 22, 1912. Rehearing Denied June 26, 1912.)

1. CARRIERS (§ 321*)—CARRIAGE OF PASSENGERS—INJURIES — ACTIONS — INSTRUCTIONS —BURDEN OF PROOF.

In an action against a street railway company for injuries to a passenger, an instruction that if a place where defendant stopped a

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

car to enable plaintiff to alight was a reasonably safe place to alight, and plaintiff alighted from the car safely, and after she alighted and was walking away therefrom she stepped into a hole in the street, and was thereby caused to fall, and as a result was injured, then the jury should find for defendant, was erroneous as placing the burden on defendant to show not only that plaintiff alighted from the car safely and was injured while walking away by a hole in the street, but also that the place where defendant stopped the car was a reasonably safe place to alight.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*]

2. CARRIERS (§ 321*)—CARRIAGE OF PASSENGERS—INJURIES—ACTIONS—INSTRUCTIONS.

Where plaintiff claimed that she was thrown from defendant's street car and injured by the sudden starting of the car, and also that the car stopped at a point where there was a hole in the street into which plaintiff stepped as she alighted, while defendant claimed that plaintiff was not injured until after she had left the car, when she stepped into a hole in the street, defendant was entitled to an instruction that, if the car was not started while plaintiff was in the act of alighting, and she alighted safely therefrom, and after she had alighted she turned and walked away and stepped into a hole in the street a step or two from the place where she had alighted and was thereby caused to fall, then defendant was not liable.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*]

3. TRIAL (§ 194*) — INSTRUCTIONS — WEIGHT OF EVIDENCE.

Such instruction was not objectionable as on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

4. CARRIERS (§ 318*)—CARRIAGE OF PASSENGERS—INJURIES—ACTIONS—EVIDENCE.

In an action for injuries to a passenger as she was alighting or after she had alighted from the street car, evidence *held* insufficient to raise the issue whether she stepped into the hole when she alighted from the car.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. § 318.*]

5. CARRIERS (§ 320*)—CARRIAGE OF PASSENGERS—INJURIES—ALIGHTING FROM CAR—ISSUES.

Where, in an action for injuries to a passenger by stepping into a hole in the street after she had alighted from a car, the evidence was insufficient to raise the issue whether she stepped into the hole as she stepped from the car, it was also improper to submit the issues whether the conductor failed to assist her to alight and whether he informed her of the existence of the hole.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1315–1325; Dec. Dig. § 320.*]

6. CARRIERS (§ 321*)—CARRIAGE OF PASSENGERS—INJURIES—ACTIONS—INSTRUCTIONS.

Where plaintiff at the time she alighted from a street car and was injured was a strong healthy woman, and there was no evidence that she was incumbered or that the step was muddy, but she claimed that she was thrown from the car by a sudden movement thereof, while all the other evidence indicated that she alighted in safety and thereafter stepped into a hole in the street and was injured, the car-

rier was entitled to an instruction that the jury should disregard the issues made by plaintiff's pleadings as to the conductor's duty to assist her to alight.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by Nellie B. Hauskins and others against the San Antonio Traction Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Templeton, Brooks, Napier & Ogden, of San Antonio, for appellant. T. H. Ridgeway and John Sehorn, both of San Antonio, for appellees.

MOURSUND, J. Nellie B. Hauskins and her husband, J. E. Hauskins, sued appellant for $30,000 damages, alleged to have been sustained by her on account of injuries received while alighting from one of appellant's cars. The grounds of negligence alleged were: (1) That the car was started up while she was alighting, causing her to be thrown to the ground and pavement with great force and violence. (2) That the car was stopped where passengers alighting from the same would step upon a portion of the street which was rough, uneven, and filled with holes, and that when Mrs. Hauskins alighted from said car she stepped into a hole or depression, in consequence of which she was thrown to the ground and injured. That by reason of such condition of the street it became the duty of defendant and its employés to inform Mrs. Hauskins thereof and to assist her in alighting in safety, but that they failed to so warn or assist her. The defendant answered by general and special denial, and further specially answered that her injuries, if any, were received after she had left the car and had ceased to be a passenger, and because of the negligent and careless manner in which she walked, and by her negligently stepping into a hole in the street after she had ceased to be a passenger, and without any fault on the part of defendant. The trial before a jury resulted in a verdict and judgment for $2,000, from which defendant appealed.

The first assignment of error complains of the refusal of the court to give special charge No. 4, requested by defendant, as follows: "If you believe from the evidence that the car was not started up while the plaintiff Mrs. Hauskins was in the act of alighting, and that she alighted safely from said car, and after she had alighted she turned and walked away and stepped into a hole in the street a step or two away from the place where she had alighted, and that she was thereby caused to fall, then you will return a verdict for the defendant." The assignment is submitted as a proposition, also the following proposition: "The only duty that

defendant owed plaintiff was to use the care required by law to see that she safely alighted. It was not responsible for the condition of the street or for her safety, after she had alighted from the car, and if she had safely alighted and stepped into a hole in the street after she turned to walk away, and was thereby injured, the defendant would not be liable. This issue was not separately submitted by the court in its main charge, and therefore the defendant was entitled to have the charge given."

The court gave the following defensive charges: "If, however, you find that at the time Mrs. Nellie B. Hauskins attempted to leave said car, said car had been stopped, and you further find that said car was not again put in motion until after Mrs. Nellie B. Hauskins had left the same, then you are instructed that plaintiffs are not entitled to recover under the first paragraph of this charge, and you will so find. You are further charged that if you find that the place where the defendant stopped its car for the purpose of discharging and receiving its passengers was a reasonably safe place for passengers to alight from said car, and that plaintiff alighted from said car safely, and that after she alighted therefrom and was walking away from said car she stepped into a hole in the street and was thereby caused to fall, and as a result thereof was injured, then you will find for the defendant under the second paragraph of this charge."

[1] We think that portion of the charge last quoted was erroneous in placing the burden upon defendant of showing not only that plaintiff alighted from the car safely and after she alighted therefrom and was walking away she stepped in a hole in the street, but also that the place where defendant stopped its car for the purpose of discharging and receiving its passengers was a reasonably safe place to alight. Appellees admit in their brief "that, if the place where it stopped the car was a reasonably safe place for passengers to alight, it was entitled to a verdict on that issue, regardless of whether Mrs. Hauskins alighted safely from said car." This is an admission that the defensive charge by the court was too burdensome upon defendant, because such charge required much more than a finding that it was a reasonably safe place to alight, in order to find for defendant.

[2, 3] We believe that under the pleadings in this case defendant was entitled to have the special charge given, and that same would not have been upon the weight of the evidence.

Appellee says the giving of such charge would have been error because it is not the law that Mrs. Hauskins could not recover if she alighted on the ground in safety and then took one step into a hole in the street, which caused her to fall and injure herself. The proposition of law involved in such contention is not before us for consideration in this case, because the pleadings do not raise any issue of stepping into a hole, after alighting safely, but only the issue that when she alighted she stepped into the hole. Nor does the charge of the court submit such issue, and we see no reason why the defensive charge should go further than to require the finding of facts negativing the cause of action as alleged.

Counsel for appellee urge various reasons why the refusal of the special charge should not be deemed reversible error; but, as the same question will not arise upon another trial, and we think the case should be reversed under the second assignment, we will merely say that we think the assignment shows error.

[4] The second assignment complains of the charge; the first proposition being that the court should not have submitted the issue whether Mrs. Hauskins stepped into the hole or depression when she alighted from the car, because there was no evidence justifying the submission of said issue.

We find that Mrs. Hauskins did not testify she stepped into a hole, but that just as she was about to alight from the car it was started, and that threw her to the ground.

J. C. Shannon, who was clerk in the drug store into which Mrs. Hauskins was taken after she sprained her ankle, testified she stated that the conductor was not to blame; that she stepped into a hole and sprained her ankle; that she stepped to the ground, and after she stepped to the ground she sprained her ankle.

Alexander Chaves, another clerk in such store, testified that upon said occasion Mrs. Hauskins said something to the effect that she stepped into a hole in Soledad street and turned her foot and sprained her ankle, and it was not the conductor's fault.

The witness Fitzgerald was very positive that he saw Mrs. Hauskins get off the car, and that she made two steps after getting off the car before she fell. At one place in his testimony appears the statement that she made only one step after getting off, but upon being questioned later he was sure he did not make such statement, and that it was two steps. We copy the following statement: "She made two steps, just natural steps. No she did not step off the car right down into this, stepped right close to it, made two steps after she stepped off, stepped over toward the drug store. Well, there was the hole." At one place he said: "She was going toward the curbing there on Soledad street. He testified that the hole was caused by a mesquite block having been taken out, and that Soledad street was paved with such blocks where the accident occurred, extending maybe five or six feet north of Houston street. He testified he measured the distance from the rail to the hole in which Mrs. Hauskins stepped, and it was 30 inches. He admitted that he might be

mistaken, but his evidence indicates that he was pretty positive concerning the correctness of his measurement.

Witness Martin testified the hole was about two feet from the rail, but he also testified positively that he saw Mrs. Hauskins come out of the car and get off, and that she fell after she left the car and had taken one step; that when she alighted she turned immediately around and made one step and fell to her knees; that part of the street had been laid in concrete, and the part adjoining it which still retained the blocks was about two inches higher than the concrete; and that Mrs. Hauskins lost her footing in stepping from the higher to the lower surface.

The conductor, Bruce, testified that the car was a San Pedro car; that Mrs. Hauskins got off where the car turned into Soledad street from Houston street. He testified further: "After she had gotten off the car, she kinder walked around to the side, and turned her foot, so she said, turned her ankle, stepped into a little hole, stepped toward the sidewalk, just to the right of way about four feet, I suppose, something like that from the car, stepped and fell to her knee." Again, he testified: "I was standing by the car, and she stepped out at arm's length from me, going off of Soledad street, going to the sidewalk—not across Houston street. No, going onto the sidewalk, and had made, no sir, not four or five steps, four or five feet—about two steps, I should judge. Her feet kinder careened, she said, and she fell to her knees. She was to the right of me. I turned and caught hold of her to keep her from falling down." On cross-examination he said: "Yes, I say this lady got off the car with my assistance and made one or two steps toward the sidewalk and stepped into a hole caused by where mesquite blocks had been taken out."

The witness Johnson testified that the distance from the wheels to the end of the step of a car such as the one from which Mrs. Hauskins stepped was 22 inches, as near as he could get it.

Appellees say the evidence shows the hole was at a place where it would be from two to eight inches from the step of a car; that consequently there was evidence that the hole was right where a person stepping from the car would step in it; and therefore the court was correct in submitting such issue.

We have examined the evidence carefully. Every witness, who testified about the existence of the hole and Mrs. Hauskins injuring herself by stepping in same, swears positively that she alighted safely from the car and afterwards stepped in the hole. We do not think the evidence concerning the location of the hole sufficient to raise the issue whether she stepped in it when stepping from the car, and are of the opinion that the court erred in submitting such issue.

[5] The second and third propositions complain because, in conjunction with the issue complained of under first proposition, the court submitted the issues whether the conductor failed to assist Mrs. Hauskins to alight, and whether he informed her of the existence of the hole in the street. The charge did not authorize a recovery upon the finding of either issue against defendant, and that such omission on the part of the conductor constituted negligence, but only upon finding both of said issues against defendant, and also that Mrs. Hauskins was injured by stepping into the hole when alighting, and upon finding that each of such omissions by the conductor constituted negligence, and that it was negligence to stop the car at such place. We are therefore of the opinion that these propositions would show no error if the evidence had warranted the submission of the issue discussed under the first proposition; but, when same is eliminated from the charge, the issues now complained of go with it.

[6] By the third assignment complaint is made because the court refused a special charge instructing the jury to disregard the issues made by plaintiffs' pleadings as to the duty of the conductor to assist Mrs. Hauskins off the car. The evidence being that she was a strong, healthy woman, and no evidence that she was incumbered, or that the step was muddy, and her testimony being that she was thrown from the car by a sudden movement thereof, and all the other evidence showing that she alighted safely, we are of the opinion that this charge should have been given.

In view of another trial, it will not be proper to pass on the fourth assignment, which complains that the verdict is excessive.

For the errors mentioned, the case is reversed and remanded.